1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL McCUNE,                          No. 2:14-cv-0470 KJM AC

12                Plaintiff,

13        v.                                   ORDER

14   PARTY CITY CORPORATION, et al.,

15                Defendants.

16

17   I.  INTRODUCTION

18            On February 13, 2014, plaintiff filed a complaint against Party City Corporation

19   and Laguna Pavilion S.C., LLC, alleging various barriers at Party City Store # 1304 violate the

20   Americans With Disabilities Act, 42 U.S.C. § 12182, *et seq.*; the Disabled Persons Act, CAL. CIV.

21   CODE § 54;  the Unruh Civil Rights Act, CAL. CIV. CODE § 51; and California Health and Safety

22   Code § 19955(a).  ECF No. 1.

23            On April 24, 2014, plaintiff dismissed defendant Party City.  ECF No. 8.

24            On June 2, 2014, plaintiff filed an ex parte application for an order permitting

25   service on Laguna Pavilion SC, LLC by publication.  ECF No. 10.

26   II.  ANALYSIS

27            Under Rule 4(h)(1) of the Federal Rules of Civil Procedure, a corporation may be

28   served "in the manner prescribed by Rule 4(e)(1) for serving an individual . . . ."  An individual

1

may be served by "[1] delivering a copy of the summons and of the complaint to the individual

personally; [2] leaving a copy of each at the individual's dwelling or usual place of abode with

someone of suitable age and discretion who resides there; or [3] delivering a copy of each to an

agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(e)(2).

Service may also be accomplished by "following state law for serving a summons in an action."

FED. R. CIV. P. 4(e)(1).  In California, service of process on an individual by publication is

permitted in certain circumstances:

> (a) A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that ...

> (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.

CAL. CODE CIV. PROC. § 415.50(a).   A corporation may be served by publication under California

law.  *In re Ass'n of Volleyball Prof'ls*, 256 B.R. 313, 318-19 (Bankr. C.D. Cal. 2000).

Due process of law generally requires "notice, reasonably calculated, under all the

circumstances, to apprise interested parties of pendency of the action and afford them an

opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S.

306, 314 (1950). "Before allowing a plaintiff to resort to service by publication, the courts

necessarily require him to show exhaustive attempts to locate the defendant, for it is generally

recognized that service by publication rarely results in actual notice." *Watts v. Crawford*, 10 Cal.

4th 743, 749 n.5 (1995) (citation and internal quotations omitted). "Reasonable diligence" in

attempting to locate a party to be served

> denotes a thorough, systematic investigation and inquiry in good faith by the party . . . a number of honest attempts to learn a defendant's whereabouts or his address by inquiry of relatives, friends and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index . . . near the defendant's last known address, are generally sufficient. These are likely sources of information, and consequently must be searched before resorting to service by publication.

*Kott v. Superior Ct.*, 45 Cal.App.4th 1126, 1137 (1996) (citations and internal quotations

omitted).  While a plaintiff must make reasonably diligent efforts to locate a defendant,

"extraordinary efforts to discover the identity and whereabouts" of a defendant are not required. *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 n.4 (1983).

In this case, counsel has identified John Kontoudakis as defendant's agent for service of process and has provided information from process servers about the six unsuccessful attempts to serve Kontoudakis at a home in his name in San Jose and the two such attempts at a home Kontoudakis owns in Aptos. He has demonstrated he has taken reasonable steps to identify the agent for service and to effect service on the agent. *See Bd. of Trs. of the Leland Stanford Jr. Univ. v. Ham.*, 216 Cal. App. 4th 330, 336 (2013) (stating that two or three attempts to serve at a proper place generally satisfies the reasonable diligence standard). Accordingly, the court GRANTS plaintiff's application for an order for publication of summons and extends the deadline to complete service for an additional sixty days from the date of this order.

Plaintiff is directed to serve Laguna Pavilion S.C. LLC by publication in the *San Jose Mercury News*. *See* CAL. CIV. CODE § 415.50(b). Plaintiff is further directed to mail a copy of the summons, the complaint, and the order for publication to Kontoudakis at all addresses available for him. Plaintiff shall comply with California Government Code section 6064, which provides that the publication in the newspaper must occur once a week for four successive weeks.

IT IS SO ORDERED.

DATED: June 23, 2014.

_____
UNITED STATES DISTRICT JUDGE